GULF, COLORADO & SANTA FE RAILWAY COMPANY v. SOUTHWESTERN TELEGRAPH AND TELEPHONE COMPANY.

Delivered March 23, 1898.

1. **Eminent Domain—Right of Way—Telephone Companies.**

The term "telegraph lines," used in chapter 7, title 21, Revised Statutes, conferring the power of eminent domain for the establishment of telegraph lines, includes "telephone lines," and the statute is equally available to telephone companies as to telegraph companies.

2. **Same—Petition for Condemnation.**

See the opinion for a petition in condemnation proceedings for a telegraph and telephone right of way, held sufficient.

3. **Same—What Notice Required.**

No notice by the county judge of an application for the condemnation of land under article 4451, Revised Statutes, is required, but the only notice necessary is that to be given by the commissioners to each party of the time and place of the hearing.

Appeal from the County Court of Hunt. Tried below before Hon. W. H. Ragsdale.

*Craddock & Looney,* for appellant.

*McLaurin & Wozencraft,* for appellee.

FLY, Associate Justice.—The Southwestern Telegraph and Telephone Company applied to the county judge of Hunt County for the appointment of commissioners to assess the damages to be sustained by appellant by the maintenance of a telegraph and telephone line upon certain tracts of land owned by appellant. The commissioners were appointed and an award returned by them to the effect that the damages would amount in the aggregate to $15. Appellant filed exceptions to the petition and award, which were overruled by the court and judgment rendered giving appellee right of way over the land, upon payment of the sums awarded by the commissioners.

The first assignment of error presents the proposition that appellee being incorporated not as a telegraph company, but as a telegraph and telephone company, was not authorized by law to exercise the right of eminent domain. This contention is based on the fact that there is no provision made in the statute for exercising the power of eminent domain by telephone companies, the only corporations given this power by title 21, chapter 7, of the Revised Statutes, being telegraph companies. In Thompson on the Law of Electricity, section 101, it is said: "A telephone being a new species of telegraph, it has been held that a statute applicable to the incorporation of telegraph companies may be deemed to apply to telephone companies, although the latter are not named." The text is amply sustained by numerous decisions. Telephone Co. v. City of Oshkosh, 62 Wis., 32, 21 N. W. Rep., 828.; Roberts v. Telephone Co., 46 N. W. Rep., 800; Telephone Co. v. Electric Railroad Co., 42 Fed. Rep., 273; Dolbear v. Telephone Co., 126 U. S., 1; Telephone Co. v. Telegraph Co. (Md.), 7 Atl. Rep., 809. We are of opinion that the decisions cited are founded upon common sense and reason, and that the term "telegraph lines" used in the statute includes "telephone lines," each one being constructed for the same purpose, namely, the transmission of messages by wires acted on by electricity.

The second assignment of error complains of the action of the court in overruling the exception which attacked the petition and the award upon the ground that they did not sufficiently describe the portions of the land sought to be condemned. It is stated in the petition that appellee intended to erect a telegraph and telephone line along the line of appellant's railroad " at a distance of fifty-two feet easterly of the center line of the main track of defendant's said railway, as now located, and parallel with said line of railway and beyond and outside of defendant's right of way where same is not more than fifty feet wide on the easterly side of

defendant's main track, but in order to do so it will be necessary for plaintiff to build and maintain its said additional line in, along, upon, and over certain tracts of land which extend easterly more than fifty-two feet from the central line of defendant's said main track." This allegation is followed by a full description of each of the tracts of land over which the line would run, and a description of the posts to be used, giving dimensions at the top and bottom, and the distance apart that they would be placed and the dimensions of the cross-arms. We think the description is sufficient. There can be no doubt as to the location of the land to be condemned. It is said in Parker v. Railway, 84 Texas, 333, that "the certainty required in such description is of the same nature as that required in conveyances to land, so that a surveyor could go upon the land and mark out the land designated," and it would seem that the description given in the petition would meet the requirement. A surveyor could readily locate the land desired to be condemned. The judgment condemns only the land into which the poles are to be inserted, and merely gives an easement as to the wires which are stretched between the posts.

There is no provision in the statute for notice to be given by the county judge of an application for the condemnation of land; the only notice required is that to be given by the commissioners to each party of the time and place of the hearing. Art. 4451. Every requirement of the statute was fully complied with.

The damages awarded are sufficient to compensate appellant for the land taken.

The judgment is affirmed.

Affirmed.