# APRIL, 1917

ELLA G. TAYLOR ET AL. V. FRANK DUNN ET AL.
NUECES VALLEY IRRIGATION COMPANY V. FRANK DUNN ET AL.

No. 2464. Decided April 4, 1917.

**1.—Title by Limitation—Five Year Statute—Continuity of Possession.**

The possession by tenants for five years which will give title by limitation (Rev. Stats., art. 5674) must be continuous, or if there were breaks in the possession the burden was on those claiming title under it to show that they were only for a reasonable length of time. (P. 339.)

**2.—Same—Successive Tenants—Interval—Case Stated.**

On the issue of title by five years adverse possession, the proof being in holding by tenants, the lease and possession by one tenant expired on October 8. The land was then rented to another,—who did not take possession because of sickness,—and remained unoccupied by any one holding under the landlord until the 29th of December following, when it was taken into possession by a tenant under assignment of that lease. Held that there was an interruption of the possession whereby it failed to be so continuous as to support title by limitation, in the absence of evidence to show that the period of vacancy was reasonable. (Pp. 338, 339.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Dimmit County.

Taylor and others sued Dunn and others and obtained judgment. On defendants' appeal (after being first affirmed [143 S. W., 311] the judgment was reversed and rendered for appellant [147 S. W., 287]). Separate applications for writ of error by Taylor and others and by the Nueces Valley Irrigation Company were both granted and docketed as one case. Opinions on previous appeals are: Dunn v. Taylor, 42 Texas Civ. App., 241, 94 S. W., 347; Dunn v. Taylor, 107 S. W., 957; Dunn v. Taylor, 102 Texas, 80, 113 S. W., 265.

*C. L. Bass, A. C. Bullitt,* and *F. Vandervoort,* for plaintiffs in error, cited: Wickiser v. Williams, 173 S. W., 288; Iams v. Root, 22 Texas Civ. App., 413, 55 S. W., 411; Beasley v. Howell, 117 Ala., 499.

*N. A. Rector,* for defendants in error, cited: Dunn v. Taylor, 102 Texas, 80.

MR. JUSTICE YANTIS delivered the opinion of the court.

These two cases involve the same facts and the same questions of law. They represent two petitions to this court for writs of error, growing out of a suit in trespass to try title, which was tried in the District Court of Dimmit County. All the plaintiffs in error in each case were

plaintiffs in the District Court, and the defendant in error, Frank Dunn, was the defendant in said court, and J. V. Tackaberry was intervenor. The question upon which each case turns is, whether the plaintiffs in error had title under the five years statutes of limitation to 640 acres of land situated in Dimmit County. The trial was by jury. The verdict rendered by the jury was in favor of the plaintiffs in error, and was in the following language:

"We, the jury, find from the evidence in this case that the parties Ella G. Taylor and husband, J. S. Taylor, and all parties holding land under said Ella G. Taylor and husband, J. S. Taylor, as far as their interests may concern, as follows: Ella G. Taylor and her husband, J. S. Taylor, 203½ acres; M. A. Haas, 26¼ acres; C. L. Bass, 10 acres; Max Deutz, 110 acres; Nueces Valley Irrigation Company, 250 acres; J. L. Zachary, 20 acres; H. C. Lane, trustee, 20 acres; of said land have had peaceable and adverse possession by limitation for a period of five years, commencing January 1, 1893, and ending July 24, 1901, and we find our verdict in their favor accordingly."

Appeal was taken to the Court of Civil Appeals for the Fourth District, where the judgment of the District Court was affirmed, but upon motion for rehearing the case was reversed and remanded, and later, upon a subsequent motion for rehearing, the judgment of the District Court was reversed and rendered in favor of Frank Dunn et al., defendants in error, who were appellants in the Court of Civil Appeals. A petition for writ of error was filed in this court by the Nueces Valley Irrigation Company, and also a petition for writ of error was filed in this court by Ella G. Taylor et al. Both were granted. They will be treated in this opinion as one. The case has been before the Court of Civil Appeals twice prior to this appeal. 42 Texas Civ. App., 241, 94 S. W., 347, 107 S. W., 957. This case has also been once before presented to this court, and very carefully considered in an opinion by Mr. Justice Williams, 102 Texas, 80, 113 S. W., 265. The opinion of the Court of Civil Appeals treating the case on the last appeal is reported in 143 S. W., 311. The questions presented have been carefully considered upon other appeals, rendering it unnecessary to discuss at length any of them here.

The Court of Civil Appeals properly held the legal title to be in J. V. Tackaberry, one of the defendants in error, who had purchased the land in question from Frank Dunn after the pendency of the present suit, and prior to its trial. Tackaberry was intervenor, relying upon title from Dunn. But the court further charged that the plaintiffs in error would be entitled to recover the tract of land sued for if they had held peaceable and adverse possession of it under recorded deeds for five years, and upon this question the plaintiffs in error prevailed in the trial court. The Court of Civil Appeals, however, reversed and rendered the judgment of the trial court, holding that there was a break in the possession of the plaintiffs in error and other parties who were plaintiffs in the District Court between the dates of October 8, 1897,

and December 29, 1897, being nearly three months during which there was no possession by the tenant. Their holding was as follows:

"The testimony does not sustain the verdict. It shows that there was adverse possession by tenant of the San Antonio National Bank commencing with Presnall and Blocker, who left the land in the fall of 1894. Ed English, according to the testimony of Sam English, went into possession in the fall of 1894, and Ed English testified he remained in possession as lessee for a year, or until the fall of the following year. This would make it the fall of 1895. Then it was leased to Cavender in October, 1895, and he had possession until October 8, 1897, when a lease was made to one Howell, who, however, did not go into possession at all, and on December 29, 1897, he, by consent of the agent of the bank, transferred his lease to A. Eardley.

"From this evidence it may have been found that from January 1, 1893, to October 8, 1893, there was possession for four years and nine months, which was insufficient to satisfy the five years statute. Between October 8, 1897, and December 29, 1897, there was a tenant, but no possession by him. Now, if we count from the possession recommenced on December 29, 1897, after this break, we see that between that date and July 24, 1901, there were not five years."

We have gone carefully over the briefs, arguments and statement of facts and we have reached the conclusion that this holding was correct. Howell, who leased the land in question October 8, 1897, on account of sickness, did not take possession at all, and the proof fails to show anyone in possession until after December 29, 1897, when Howell transferred his lease to Eardley. The burden was upon the plaintiffs in error to show continuous occupancy of the land, or if there were breaks in the possession to show that they were for only a reasonable length of time. The sickness of Howell could not be substituted for such occupancy. No proof was offered tending to show that the break in possession was for only a reasonable length of time. It is contended that this period was covered by the possession of Eardley with the consent of the San Antonio National Bank under a lease from it of other lands in the Thornton pasture, and by the consent of Howell. We find no evidence that Howell or the bank authorized Eardley to use the land in question, or consented to such use. It is contended by the plaintiffs in error that there is such evidence, but that which is pointed out, we think, amounts to no more than speculation. It is not equivalent to evidence.

We think the judgment of the Court of Civil Appeals, reversing and rendering the cause in favor of the defendants in error and against all parties who claimed adversely to them in the District Court, should be in all things affirmed; and it is so ordered.

*Affirmed.*