**TURLEY et al. v. CAMPBELL et al.**
(No. 312–3640.)

(Commission of Appeals of Texas, Section A. May 17, 1922.)

On Petition for Rehearing.

**1. Appeal and error ⟲⟲II089(3)—Opinion of Court of Civil Appeals cannot be attacked in Supreme Court where in connection with an opinion on a previous appeal it decided all objections.**

In an action by grantor against grantee to cancel a deed, where recovery was claimed on the grounds of fraud, overreaching, and misrepresentations on the part of the grantee, and an opinion of the Court of Civil Appeals on the second appeal was based on only one ground, it cannot be attacked on appeal to the Supreme Court for making no finding on the two remaining grounds, where the opinion of the Court of Civil Appeals in the first appeal found on all three grounds in favor of the grantee.

**2. Appeal and error ⟲⟲I083(6)—On finding by Court of Civil Appeals that preponderance of evidence was against each of issues on appeal, no question of law is presented for Supreme Court.**

In a suit by grantor against a grantee to cancel a deed on the ground of fraud, overreaching, and misrepresentations by the grantee, where an opinion on appeal of the Court of Civil Appeals was only that the preponderance of evidence was against each of the issues, and not that any one of the issues was supported by sufficient evidence to sustain a judgment, there was no question of law upon which to base an appeal to the Supreme Court.

**3. Appeal and error ⟲⟲II14—On finding that judgment was against preponderance of evidence, Court of Civil Appeals must remain, and not reverse and render.**

Under Rev. St. art. 1626, providing that, when the judgment or decree of a court below shall be reversed, the court shall render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or damage be assessed or the matter to be decreed is uncertain, in a suit by grantor against a grantee to cancel a deed on the grounds of fraud, overreaching, and misrepresentations on the part of the grantee, on a finding by the Court of Civil Appeals that the judgment of the trial court was against the preponderance of the evidence on all three of the issues, its duty was not to reverse and render the judgment, but to remand the cause.

On petition for rehearing. Petition denied. For former opinion, see 239 S. W. 603.

Chambers, Watson & Johnson, of San Antonio, for plaintiffs in error.

Norton & Brown, of San Antonio, for defendants in error.

SPENCER, P. J. A motion for rehearing has been filed by plaintiffs in error, and also one by defendants in error. None of them are satisfied with the disposition of the cause. Plaintiffs in error insist that the judgment of the trial court ought to be affirmed instead of reversed and remanded, and defendants in error urge that the judgment of the Court of Appeals (229 S. W. 595) reversing and rendering the cause should be affirmed. To the end that reasons for the court's action may more clearly appear, this opinion is written.

[1] Plaintiffs in error's principal proposition is that, as they had pleaded and proved three separate and distinct grounds as a basis for a recovery, either of which entitled them to a recovery, and as the Court of Civil Appeals only found against them upon one ground, but made no finding against them upon the two remaining grounds, the judgment of the district court should be affirmed. In support of their contention they cite the case of Poindexter v. Receivers of Kirby Lumber Co., 101 Tex. 322, 107 S. W. 42.

The fallacy of the proposition consists in the assertion that the honorable Court of Civil Appeals made no finding upon the issues of mental incapacity and of a conveyance in trust. The opinion of the Court of Civil Appeals on the last appeal must be read in connection with its opinion on the first appeal. Its opinion upon the first appeal makes a finding upon each of the three grounds relied upon and clearly holds that the evidence in support of each ground is insufficient or unsatisfactory.

Upon the question of fraud it said:

"The deed was made to her direct at request, and *there is no sufficient allegation of proof* [italics ours] showing any fraud perpetrated on appellee by Neil Campbell to secure it."

Upon the issue of a conveyance in trust the court said:

"Plaintiff alleged that the agreement was made that Mrs. Campbell would hold the title in trust for plaintiff, and testified that Campbell told her he would deed the property back after things were settled, as he was just doing it to keep her attorney from robbing her. This testimony does not accord with the fact that plaintiff believed she could save her other property by deeding it to her sister, and acted upon such belief, nor with her statement in her book that she had conveyed the property as a present."

In this holding the court recognizes there is evidence in support of the pleadings, but which it holds is unsatisfactory. The court does not hold, however, that there is no evidence in support of the issue.

Upon the issue of mental incapacity the court said:

"While mental incapacity was pleaded, it was not proven. *If it can be said that the allegations are supported by evidence, we conclude that it is of such an improbable and unsatisfactory nature that the judgment should not be permitted to stand."* (Italics ours.)

It must be borne in mind that the Court of Civil Appeals stated in its last opinion that the statement of facts on the last appeal was the identical statement of facts filed on the first appeal. Plaintiffs in error complain that the court exceeded its authority in making this statement, because the record does not bear it out. There is very strong corroboration of the court's statement found in the record. In the first opinion the court quotes from the evidence. The part quoted is identical with the evidence in the statement of facts now on file. It is unimportant and may be conceded, however, that the record does not warrant the conclusion; nevertheless the court disposed of the case upon that theory, and it follows that, if the court thought the evidence the same, its subsequent judgment upon the identical statement of facts would in all probability be the same.

But, more than this, it would be nothing short of ridiculous to hold that that court entered a judgment reversing and rendering the cause upon one issue on account of the insufficiency of the evidence, if it thought there was evidence to support either of the other two issues. Had it made findings of fact upon the two remaining issues favorable to plaintiff in error, and had it, notwithstanding such findings, rendered judgment against them, a different question would be presented. But such is not the case. That was the situation in the Poindexter Case upon which plaintiffs in error so strongly rely.

· There the plaintiff in a personal injury suit alleged negligence in two particulars: (1) In using an old and defective belt; (2) in using a defective pulley over which the belt worked. Both grounds were submitted to the jury, and a general verdict rendered in his favor. Upon appeal the Court of Civil Appeals reversed and rendered judgment upon the ground that plaintiff knew the condition of the belt and any danger attending its use, and therefore assumed the risk by continuing in the service. In reviewing the judgment of the Court of Civil Appeals the Supreme Court agreed with it that there was no right of recovery as for a defective belt, but disagreed with it as to the liability under the facts found by the Court of Civil Appeals as to the defendant's liability resulting from the defective pulley. There was no disagreement as to the facts, but only as to the legal effect of facts found. The Court of Civil Appeals settled the facts and the Supreme Court applied the law to these facts. This is made clear by the following language of Mr. Justice Williams, speaking for the court:

"Under the charge of the trial court the jury might very properly have found that the pulley was in the condition alleged; that defendant was guilty of negligence in allowing it to be in that condition; that the plaintiff was not chargeable with knowledge of it; and that it was the cause of the breaking of the belt. Hence, under the law as just stated, the verdict is supported by evidence to establish each fact essential to plaintiff's recovery. *The findings of fact by the Court of Civil Appeals, as we gather them from its opinion, are not opposed to, but concede, the existence of all that we hold to be essential.* [Italics ours.] Its judgment is based upon its view of the law that plaintiff's assumption of the risk incident to the condition of the belt goes to the whole case and defeats plaintiff's action. *This is simply a conclusion of law with which we do not agree,* and we are therefore not under the necessity, in reversing the judgment of that court finally settling the cause against plaintiff, or remanding it for a new trial, as is ordinarily done when this court disagrees with a Court of Civil Appeals when it has reversed a judgment of the trial court on the ground that there is no evidence to sustain it, or that the evidence is conclusive against it, and has rendered a final judgment."

[2] The Court of Civil Appeals in this case has not found that there was no evidence in support of any one of the three issues, but only that the preponderance of the evidence was against each of the issues. Neither has it found that any one of the issues is supported by sufficient evidence to sustain the judgment. Hence in this connection there is presented no question of law upon which we are called to review. This is the precise and clear-cut statement of the law as announced in the Poindexter Case, and we marvel that it has been misunderstood.

[3] Nor was it the duty of the Court of Civil Appeals, under its findings that the judgment of the trial court was against the preponderance of the evidence on all three of the determining issues, to reverse and render the judgment as contended for by defendants in error. In support of the contention defendants in error rely upon article 1626, Revised Civil Statutes.

This statute was construed by the Supreme Court in the case of Patrick v. Smith, 90 Tex. 267, 38 S. W. 17, in dealing with the identical question at issue. Its ruling there controls the disposition of this case. The decision in that case also bears upon the question raised by plaintiffs in error, heretofore noticed. The Supreme Court said:

"In view of the disposition which we shall make of the case, we deem it improper to enter upon any discussion of the testimony. It is not quite clear to us, whether the Court of Civil Appeals intended to hold that there was no evidence upon the decisive issues to support the judgment, or merely that the judgment was against such a preponderance of the testimony that it ought not to stand. But that is unimportant in so far as it concerns the disposition of the case in this court. If the evidence in a case be conflicting and that court sets aside judgment upon the facts, we hold their ruling to be conclusive upon us.

"There was a conflict of evidence in this case, and the Court of Civil Appeals had the power

to reverse the judgment. It was their duty to do so if they thought it against such a preponderance of the evidence that it ought not to stand. Having reversed the judgment, we cannot say that they are in error. We have no jurisdiction over that question. Upon it we express no opinion; nor have we come to any definite conclusion upon it. But ought they to have rendered judgment against the appellee? Article 1027 of the Revised Statutes [now article 1626] provides that, 'When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained, or the damage to be assessed, or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below.' *If there be no evidence to sustain a judgment upon an issue material to a recovery, the appellate court may in its discretion render judgment for the appellant or remand the cause for a new trial. In such a case this court would probably have no more authority to revise their action than it would have to reverse a judgment of the district court, merely because in their opinion the ends of justice would be promoted by a new trial. But if the evidence be conflicting, and the judgment be reversed because the verdict of the jury or the findings of the trial court are against the great preponderance of the evidence, we think the only proper course is to remand the cause.* Clearly, where there has been a trial by jury, the appellate court could not upon reversal upon the ground stated, render the judgment, because it is such a judgment as the district court had the power to enter. *Its duty, where the verdict is set aside because it is against the great weight of the evidence, is to order a new trial; and, by analogy, it seems that when the Court of Civil Appeals set aside the finding of the trial court for a like reason the cause ought to be remanded. But the statute expressly directs this course 'when there is any matter of fact to be ascertained.'* It is not the province of the Court of Civil Appeals to determine a question of fact in the first instance. Their jurisdiction is to set aside a finding by the court or jury, when contrary to the evidence or against such a preponderance of the evidence that in their opinion it ought not to stand. Railway v. Strycharski, 37 S. W. Rep., 415." (Italics ours.)

All the cases cited in support of the contention have been very carefully reviewed. It would be a profitless task to here review all of them. Most of them recognize the rule announced in Patrick v. Smith. No case by the Supreme Court announces a contrary rule. Take, for instance, Taylor et al. v. Dunn et al., 108 Tex. 337, 193 S. W. 663, relied upon by defendants in error. The issue there was whether the evidence supported the plea of five-year limitation. The Court of Civil Appeals there held that there was no evidence in support of the issue and reversed and rendered the cause, which it had power, under the finding, to do. The finding that there was no evidence presented a question of law which gave the Supreme Court jurisdiction. In reviewing the case it agreed

with the Court of Civil Appeals and affirmed its judgment. Had the Court of Civil Appeals found that the evidence was insufficient or the verdict against the great preponderance of the evidence, the Supreme Court would not have had jurisdiction, as this involved not a question of law, but an issue of fact.

It is also urged as a reason for an affirmance of the Court of Civil Appeals judgment that the plaintiff in error admitted that the facts had been fully developed, and that, if the court concluded that the facts were insufficient to sustain the judgment, it was the court's duty to reverse and render judgment. In their original brief plaintiffs in error say:

"We most earnestly insist that this case should be affirmed and that this court has no right to set aside the verdict of the trial judge where there is evidence to support him. The appellee since a former reversal of this case has repleaded and specifically set out fraud, and she is unable to offer any additional proof than that already in the record, and this, in our judgment, should affirm the case, but, if not, then same should be reversed and rendered. We submit to this court in all sincerity and earnestness that we believe the evidence is sufficient to sustain the judgment of the trial judge and that he could not in fairness have rendered any other judgment than the one he did canceling the said deed; and we respectfully ask this honorable court to affirm the cause, and when this is done a just and righteous verdict has been upheld."

Their motion for rehearing in the Court of Civil Appeals contains this language:

"Appellee admits that they are unable to produce any additional evidence than that in the record of this cause, and concede that, if the evidence is not sufficient to support the judgment of the trial court, said cause should be reversed and rendered as was done by this court, but appellees insist that the judgment is supported by the evidence in this cause, and that this court committed error in not affirming said judgment, and we earnestly insist that this honorable court grant appellees a rehearing and affirm the judgment of the trial court. Wherefore appellees pray that judgment reversing and rendering this cause be set aside and a rehearing granted, and said cause be in all things affirmed."

It is to be observed from a reading of the language quoted that plaintiffs in error do not request the court to reverse and render the case. They do express the opinion that, if the Court of Civil Appeals thinks the evidence is insufficient to support the verdict, it is its duty to render the cause in the event the evidence has been fully developed, which they admit it had been. But this is neither a prayer or a request for the court to do so. They were simply mistaken as to a proposition of law. They got to the danger line, but did not cross over. They were mistaken as to the court's duty under the circumstances,

just as defendants in error were mistaken as to its duty. Had they requested the court to reverse and render then under the authority of Texas Portland Cement & Lime Co. v. Lee, 98 Tex. 236, 82 S. W. 1025, cited by defendants in error, it would be the duty of the Supreme Court to affirm the judgment of the Court of Civil Appeals. But this they did not do.

· We recommend, therefore, that the motions for rehearing be overruled.