## TAYLOR et al. v. MASTERSON et al. *
### (No. 7108.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 20, 1924. Rehearing Denied March 12, 1924.)

1. **Appeal and error** &�summ;742(1)—**Propositions under assignment of error not germane to issues not passed on.**

Propositions under an assignment of error which contain correct principles of law, but which are not material or germane to any issue tried or ruling of the court complained about, will not be considered.

2. **Judgment** &⫫summ;489—**Subject to collateral attack if without jurisdiction.**

Any judgment of a court that has no jurisdiction of the person or subject-matter is a nullity, and can be collaterally attacked.

3. **Judgment** &⫫summ;448—**Certain issue held not open in support of contention that judgment procured by fraud.**

After three trials of an action of trespass to try title, in which certified public records of the administration of an estate were used by defendants to prove their title, and after more than 20 years have elapsed, *held* too late in support of a contention that a judgment for defendants was procured by fraud to raise the issue that such records were not the true ones.

4. **Dismissal and nonsuit** &⫫summ;42—**Party dismissed from suit held to have no right to appear and file pleading without leave.**

When parties in open court announce that all matters in controversy have been compromised and settled, and the party settled with has been dismissed from the suit by the court, such party cannot, after lapse of two years, in vacation, without the order of the court, appear and file a pleading in the cause.

Appeal from District Court, Dimmit County; J. F. Mulfaly, Judge.

Action for rents by H. Masterson and others against J. S. Taylor and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

See, also, 231 S. W. 856.

F. Vandervoort, of Carrizo Springs, for appellants.

N. A. Rector, of Austin, for appellees.

COBBS, J. The parties and subject-matter, in various forms, have heretofore been before this court, as will be observed. 42 Tex. Civ. App. 241, 94 S. W. 347; 107 S. W. 952; 102 Tex. 80, 113 S. W. 269; 143 S. W. 311; 108 Tex. 337, 193 S. W. 663.

H. Masterson and Ellen B. Ross, vendees of J. V. Tackaberry, brought this suit for rents against J. S. Taylor and wife and their vendees, except the Nueces Valley Irrigation Company, who bought prior to the institution of the suit for title, but who were made defendants in that suit.

Appellants filed a lengthy plea in reconvention or cross-action, seeking again to litigate the title to the land, to which plea appellees directed various demurrers and exceptions, which were sustained by the court, and the suit, thereafter being tried on its merits, resulted in a judgment for appellees. This suit was in respect to and involved the title to the John Cummings Survey in Dimmit county, Tex.

Appellees complain and object to our considering appellants' brief, upon the alleged ground that the brief was prepared under the old rules, which seems to be the case.

The first assignment of error complains that the court erred in holding that the owner of an equitable title cannot prevail against the legal title in a court of equity; and the proposition thereunder is that a court of equity has jurisdiction to divest the legal title to land and to invest it in the owner of an equitable title thereof. We do not find any such holding of the court, and the assignment and proposition are overruled.

[1] The second assignment is that the court erred in sustaining plaintiffs' exception to the third paragraph of defendants' amended plea in reconvention, erroneously holding that, the last trial being de novo, all evi-

dence given at former trials not given in last is of no effect. We do not quite understand what appellants mean. Their proposition thereunder is that a person having peaceable and adverse possession of land, cultivating, using, or enjoying the same and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be held to have full title precluding all claims. This statement does not disclose a demurrer or the action of the court upon it. The proposition contains correct principles of law, if it were material or germane to any issue tried, or ruling of the court complained about, which is not apparent here.

To that assignment is also appended two other propositions. One is that inadvertance and mistake are equally with fraud and wrong grounds for judicial interference to divest a title acquired thereby, which would be a correct proposition of law if material here. The other proposition is, on appeal in an action to vacate a judgment, the records of the Court of Civil Appeals in the former case may be looked to and considered in disposing of the appeal. It is not set out or shown where the court made any such ruling as is complained of. The ruling of the court seems to sustain the demurrers, because the allegations of such cross-action show no defense to the plaintiffs' cause of action.

[2] Any judgment of a court that has no jurisdiction of the person or subject-matter is a nullity, and can be attacked collaterally. This is applicable to appellants' third assignment of error, contending that the judgment of the probate court of Harris county was held by the court to be beyond appellants' collateral attack. These records of the probate court of Harris county were ancient documents, and in respect to proceedings had as far back as 1842, and the effect of the ruling of the court complained of was simply that the appellants could not impeach the solemn judgment of the court disclosed by ancient public records of the probate court of Harris county.

[3] Appellants' fourth and fifth assignments of error are without merit, because the proceedings of the estate of John Cummings were not shown to be void, though irregular. There were no acts of fraud disclosed on the part of Dunn or Tackaberry and set out in the cross-action that would avoid the judgment they secured. If the records introduced by them were insufficient, appellants had the right to show such facts on the trial, and no satisfactory or legal explanation is made to show their omission. For instance, the charge of fraud consists of the complaint that in several trials of the cause, in the district court of Dimmit county, of J. S. Taylor et al. v. Dunn and Tackaberry, counsel for the latter used certain public records in the administration of the estate of John Cummings, which appellants in this cause now claim were not the true records. After three trials of that cause, in which these certified copies from said probate records were used, and more than 20 years having elapsed, it is too late to now raise that issue. They have shown no diligence in not having used the proof necessary to support their complaint, and that, of itself, does not constitute fraud, for appellees had the right to use just such records as they filed to prove their title. It did not deprive appellants from introducing oral testimony, because there was enough in these proceedings to put appellants upon inquiry, and to timely examine and secure the testimony, if there was any, that would impeach the appellees' title.

[4] Considering appellants' seventh assignment of error, when a plaintiff and defendant in a suit in open court announce that all matters in controversy have been compromised and settled, and the party settled with has been dismissed from the suit by the court, such party cannot, after the lapse of two years, in vacation, without the order of the court, appear and file a pleading in the cause. The Nueces Valley Irrigation Company only claimed 250 acres off of the east end of the survey, and after its dismissal from the suit no claim for rents was or could be prosecuted against it, and no valuable improvements could be claimed by it.

The fact that the Nueces Valley Irrigation Company built a dam across the Nueces river on the Campbell survey, above the Cummings survey, which may have increased the rental value of lands in that vicinity, did not entitle said irrigation company to compensation for improvements, none of which it placed on the Cummings survey.

We do not think there is any merit in appellants' eighth assignment of error, in complaint of the court's charge. The charge was germane to the issues, and stated correct legal principles.

The Taylors plead that the rent of the Cummings unimproved was 5 cents per acre, and Vandervoort adopted this answer. It is not necessary to set out the testimony on this issue. The testimony of the witnesses sustains the verdict of the jury and the judgment of the court in regard to the rental value.

We do not think there is any merit in the ninth assignment of error. The proof is positive that Taylor first cleared 10 acres, and traded it to Vandervoort in 1909 for 10 acres that Vandervoort owned on the Campbell survey. About the same time he bought 10 acres adjoining, and the McDonalds cleared it for the rent the first year. After that the McDonalds paid him $100 at least, and then Tumlinson cultivated it for 1915, 1916, and 1917, and paid him rent, $100 in corn, $240 in money, and $600 in money. The jury rendered a judgment against him for only $8 and against the Taylors for only $99.04. The Taylors pleaded that the rental value

of the land unimproved was 5 cents per acre, and Vandervoort had adopted this allegation. Neither pleaded improvements for clearing or improving or fencing any of the land. The only improvements pleaded were by way of the creation of a dam by the Nueces Valley Irrigation Company on the Campbell survey.

We have very carefully gone over this record and considered appellants' brief. We do not find any reversible error assigned, and the judgment of the trial court is supported by the testimony. There was no error on the part of the court in refusing to give any of the special charges requested, as the real issue in the case was submitted fairly by the court, and comprehends all the material issues tried and disposed of.

The assignments of error are overruled, and the judgment of the trial court is affirmed.