## CANNAN et al. v. CURKEET et al.
### No. 8144.

Circuit Court of Appeals, Fifth Circuit.
Dec. 4, 1936.

Harry Susman, of Houston, Tex., for appellants.

Carlton R. Winn, of Dallas, Tex., and E. J. Fountain, Jr., of Houston, Tex., for appellees.

Before FOSTER and HOLMES, Circuit Judges, and STRUM, District Judge.

FOSTER, Circuit Judge.

Appellees, Wm. R. Curkeet, as owner in fee simple, and Stanolind Oil & Gas Company, a corporation, holding under a mineral lease from Curkeet, brought this suit in the District Court, in trespass to try

title, against Chas. H. Alexander, J. E. Alexander, Carolyn A. Cannan, and G. C. Cannan, her husband, and J. F. Law, to recover title and possession of two tracts of land in Brazoria county, Tex. At the close of the evidence a verdict was directed in favor of plaintiffs and against defendants, except, Law. Charles H. Alexander and the Cannans have appealed. Error is assigned to that action of the court.

The land is described with great particularity in the petition and judgment. It is sufficient for the purpose of this opinion to describe it generally as follows: (1) A tract containing 374.46 acres in section 30 of the H. T. and B. R. R. survey in Brazoria county, Tex., and (2) a tract of land containing 558.3 acres in section 35 of the same survey, which section is immediately south of and adjoining section 30, less a railroad right of way, 100 feet wide, which traverses the said land diagonally, running in a general southeastern direction from a point about the center of the northern line of section 30 to a point near the southeastern corner of section 35. The tracts run entirely across the said sections from east to west and are separated by another tract lying partly in the southern part of section 30 and the northern part of section 35, not involved in this suit.

Law disclaimed as to all the land except 10 acres in the southeastern corner of section 35. A settlement was made as to this between him and plaintiffs and he passed out of the case before judgment. J. E. Alexander disclaimed as to all the land. Charles H. Alexander disclaimed as to all the land except that part of section 30 lying east of the railroad right of way. The Cannans disclaimed as to all the land except that part of section 35 lying east of the right of way, excluding the land claimed by Law.

Undisputed evidence in the record tends to show the following facts: Curkeet acquired all the land above described from the heirs of F. A. Ogden, by a number of deeds, beginning in August, 1924, which were duly put of record. Appellants claim only under the Texas statute of limitations, arts. 5510, 5514, 5515, R.S.Tex.1925. Ogden had acquired fee-simple title to the land in 1909. During his lifetime, about 1911, Ogden leased all his land in section 30 to J. W. Isaacs by a grass lease, which permitted the grazing of cattle and the cutting of hay but nothing further.

Ogden died in 1914. After his death, his administrators continued to lease the land to J. W. Isaacs and his son, W. R. Isaacs, under the same form of lease. After his acquisition of title, Curkeet leased the same land to W. R. Isaacs for three years, the lease terminating in 1928. On July 18, 1933, Curkeet executed a grass lease of the land in section 30 east of the right of way to Floyd Brown and R. L. Boyd. This is the land now claimed by Alexander. On January 1, 1934, Curkeet executed a grass lease to Mrs. Cannan, purporting to cover 36 acres of land in section 35 east of the railroad right of way. He made other leases of the land not material in this case. Excluding the 10 acres claimed by Law, the tract in section 35 claimed by Mrs. Cannan slightly exceeds 36 acres but the exact acreage is not shown. Mrs. Cannan paid some rent under this lease. Curkeet and his predecessors in title have paid all the taxes on the land, including the year 1935. Appellants have paid no taxes on the land claimed and in making return for other lands owned by both of them in Brazoria County made no mention of the land here in controversy and stated under oath that the tax returns covered all the property owned by them. Curkeet testified without dispute that he had never heard of the claims of appellants until a year before this suit was filed and after oil had been discovered in the vicinity.

Chas. H. Alexander testified that he went on the land in section 30 that he now claims, in 1911, when he was 19 years old, fixed up the fences and from 1912 he has pastured cattle and cut hay on it and since then has claimed the land as his own. There is some evidence to corroborate the statements as to his fixing the fences and using the land and there is also evidence to the contrary. However, the important part of his testimony is that in 1917 he made an arrangement with Isaacs, the tenant of the record owner of the land, by which he let Isaacs cut hay on the part east of the railroad track, which he now claims, and in return Isaacs permitted him to cut hay on the western part of the track, which he does not claim. This agreement with Isaacs was continued in 1918. He further testified that he did not use the land in section 30 east of the railroad track as a pasture after 1928 but he did make some use of it by cutting hay and letting Rollin Boyd use the land as a pasture for a dairy

herd. Rollin Boyd testified that he and Floyd Brown started using the part of the section east of the railroad track in 1928 or 1929 and were still using it when the suit was tried.

As to the claim of Mrs. Cannan, it appears that she and her husband acquired 120 acres of land in section 36 in the same survey which adjoins section 35 on the east, purchasing from A. R. Korth and wife on January 2, 1928. This land had been owned by one Axel Edling, who sold it on May 4, 1927, to B. W. Trull, who in turn sold to Korth, from whom the Cannans purchased. Mrs. Cannan does not pretend to have occupied or used the land she now claims until after the consummation of her purchase and therefore she had not had 10 years possession of the land she now claims in her own right. Seeking to add a claim of Edling to her limitation period, she testified that in the fall of 1927 she met Edling, who told her if she bought the place from the other parties he would sell her for the same consideration his interest in and to the big pasture, sometimes referred to as "No Man's Land," which includes the land she now claims. She was thereby induced to purchase the land she now owns. This agreement was purely verbal. Edling was dead when this suit was tried but his widow testified that neither she nor her husband had ever made any claim to any land in section 35. After the land in section 36 was purchased by the Cannans they were divorced but it is not shown that there was any separation of property between them. After the divorce Mrs. Cannan entered into the lease from Curkeet, above referred to.

It is well settled that the burden was on appellants to show by clear and satisfactory proof that they had maintained continuous adverse possession of the land claimed for 10 years prior to the suit. Any break in the continuous possession or the slightest acknowledgment of appellees' title during the period of limitation would be sufficient to defeat their claims. Warren v. Frederichs, 83 Tex. 380, 18 S.W. 750; Burrell v. Adams, 104 Tex. 183, 135 S.W. 1156; Taylor v. Dunn, 108 Tex. 337, 193 S.W. 663; West Lumber Co. v. Sanders (Tex.Civ.App.) 225 S.W. 828; Houston Oil Co. v. Pullen (Tex. Com.App.) 272 S.W. 439; Houk v. Kirby Petroleum Co. (Tex.Com.App.) 65 S.W. (2d) 496; Western Union Beef Co. v. Thurman (C.C.A.) 70 F. 960. Conceding for the sake of argument that, if there were nothing else, the evidence tending to show that Alexander had used the land he claims for pasturing cattle and cutting hay and had fenced it would be sufficient to take the case to the jury, the evidence is not at all satisfactory and falls short of being clear and convincing. The same is true as to Mrs. Cannan's testimony that she had acquired prior limitation rights from Edling, although her testimony as to the manner in which she acquired any rights that Edling may have had is also weak and unconvincing. It is doubtful that, in the exercise of sound discretion, the trial judge would have permitted a verdict in favor of either of these parties to stand. Turfitt v. Perales (C.C.A.) 63 F.(2d) 659. Beyond that it is elementary that, in Federal courts, where undisputed evidence demands a verdict in favor of one of the parties, it is the duty of the judge to direct it. Such is the situation in this case. The District Judge considered, as appears from his remarks to the jury in directing the verdict, that the agreement Alexander made with Isaacs as to the cutting of hay on the part of the land he now claims was sufficient recognition of title in the then record owners. We agree with that and it may also be considered that the subsequent use of the land by Rollin Boyd would have the same effect as an abandonment by Alexander and a reentering by the record owner through his tenant. As to Mrs. Cannan, her taking of the lease from Curkeet was absolute recognition of his title to the entire parcel of land she now claims. Although there may be a few additional acres in the tract there could be slight doubt that the parties considered there were only 36 acres, but if not, it would be impossible to carve out the surplus and leave 36 acres as covered by the lease. It was not error to direct the verdict in favor of appellees.

Before going to trial defendants moved for a severance, which was denied. Error is assigned to that action of the court. The evidence introduced by plaintiffs to show title necessarily applied to both tracts. Defendants were not embarrassed in their defenses by the trying of both cases at the same time. It was within the sound discretion of the Court to deny the severance. In fact, had separate suits been brought they might well have been consolidated

for trial. R. S. § 921, 28 U.S.C.A. § 734. No other errors are assigned.

The record presents no reversible error.

Affirmed.