## UNITED STATES v. 2,049.85 ACRES OF LAND.

### No. 87.

District Court, S. D. Texas, Corpus Christi Division.

May 23, 1942.

Eugene J. Wilson, Sp. Asst. to the Atty. Gen., of Corpus Christi, Tex., for plaintiff.

B. D. Tarlton, of Corpus Christi, Tex., Frank T. Morrill, of Beeville, Tex., Ben F. Vaughan, Jr., of Corpus Christi, Tex., Dougherty & Dougherty, of Beeville, Tex., and Felix A. Raymer, E. E. Townes, and R. E. Seagler, all of Houston, Tex., for land owners.

KENNERLY, District Judge.

This is a suit filed June 25, 1940, by the Government of the United States to take for the public use (Navy) 2,049.85 acres of land in this District and Division. The jurisdiction is under Section 257, Title 40 U.S.C.A. On July 5, 1940, a Declaration of Taking under the Act of February 26, 1931, Sections 258a to 258e, Title 40 U.S.C.A., was filed, and the estimated compensation for the land to be taken deposited in Court. On July 5, 1940, judgment was entered, placing the Government in possession of the land, etc. Thereafter, following the Texas Eminent Domain Statute, Title 52, Vernon's Civil Statutes of Texas, as directed by Section 258, Title 40 U.S.C.A., Commissioners were appointed to assess the damages, etc., of the land owners.

·May 14, 1942, Flour Bluff Oil Corporation, Barnsdall Oil Company, and Humble Oil & Refining Company, three of the Land Owners, claiming an undivided 7/8th of the minerals on, in, and under 1,402.15 acres of the land, filed their application for leave to file their answer and cross-action. In their answer and cross-action, they claim that such Commissioners were not lawfully appointed, that they are without jurisdiction to assess the damages, etc., and they pray:

"(a) That the Court enter its further order instructing the Board of Commissioners to desist from assuming or exercising any further jurisdiction in this cause.

"(b) That this cause be set for immediate trial before this Court, and the loss or damage to these defendants be judicially determined and the sum found to be due them be awarded by proper judgment of this Court."

In the argument at Bar, they claim that since the Government has elected to proceed under such Act of February 26, 1931, which, as stated, has been placed in the United States Code Annotated as Sections 258a to 258e, of Title 40, the procedure is not under the Laws of Texas as provided under Section 258, of Title 40, of the Code, that the Commissioners should not have been appointed, and should not now be permitted to act, but the whole question of damages, etc., should be retained by, tried in, and determined by the Court. The Government strongly combats this view. Some of the authorities cited and referred to in the argument are given in the margin.[1]

■ 1. I am fully convinced that it was not the intention of the Congress, in passing the Act of February 26, 1931, to repeal or in any way affect or modify Section 258, Title 40, of the Code, which prescribes that the procedure in United States District Courts in condemnation suits shall be in accordance with the laws of the State in which the Court is held. It is clear that the only purpose of such Act was to permit the Government to quickly have possession of land needed for public use, and that the Act must be construed along with Section 258 and other earlier provisions of Title 40. The Act itself in effect so provides.[2] Any other construction would be unreasonable.

■ It should be borne in mind that either the land owners or the Government may except to the report of the Commissioners assessing damages, etc., and have a trial de novo before the Court and with a jury, if a jury be desired.

■ 2. Such land owners also insist in the argument at the Bar that the Court should regulate the procedure before the Commissioners with respect to their claim for damages, etc., on the 1,402.15 acres of land. That the Court, within legal bounds,

has abundant authority so to do cannot be doubted, but I think such matter may well be left to the sound discretion of the Commissioners. See United States v. 250 Acres of Land, D.C., 43 F.Supp. 937.

From what has been said, it follows that while such land owners' answer and cross-action may be filed, and the Clerk is directed to file same, their application for an order directing the Commissioners to desist from assuming or exercising jurisdiction herein should be denied. Likewise their application for an order to give directions to the Commissioners.

Let an order be prepared and presented in accordance herewith.

---

[1] Chappell v. United States, 160 U.S. 499, 16 S.Ct. 397, 40 L.Ed. 510. Texas Statute on Arbitration, Title 10, Vernon's Civil Statutes of Texas. Texas Statute of Eminent Domain, Title 52, Vernon's Civil Statutes of Texas. Title 40 U.S.C.A. §§ 258a to 258e, Act of Congress of February 26, 1931. Luxton v. North River Bridge Co., 147 U.S. 337, 13 S.Ct. 356, 37 L.Ed. 194; Forbes v. United States, 5 Cir., 268 F. 273; United States v. Certain Lands, D.C., 39 F.Supp. 91; United States v. Certain Parcels of Land, D.C., 40 F.Supp. 436; Cannan v. Curkeet, 5 Cir., 86 F.2d 573.

[2] "The right to take possession and title in advance of final judgment in condemnation proceedings as provided by section 258a of this title shall be in addition to any right, power, or authority conferred by the laws of the United States or those of any State or Territory under which such proceedings may be conducted, and shall not be construed as abrogating, limiting, or modifying any such right, power, or authority." 40 U.S.C.A. § 258d.