**UNITED STATES v. 16,572 ACRES OF LAND et al.**

Civ. A. No. 55.

District Court, S. D. Texas, Galveston Division.

March 17, 1943.

Douglas W. McGregor, U. S. Atty., and Willett Wilson, Sp. Asst. to U. S. Atty., both of Houston, Tex., for petitioner.

Fulbright, Crooker, Freeman & Bates, of Houston, Tex. (John H. Crooker, Baker, Botts, Andrews & Wharton, Tom M. Davis, and Dillon Culver, all of Houston, Tex., A. Harris and Chas. V. Yeamans, both of Bay City, Tex., F. C. Proctor, Jr., of Victoria, Tex., Joiner Cartwright and John B. Thomas, both of Beaumont, Tex., and Martin A. Row, of Dallas, Tex., Gerald C. Mann, Atty. Gen. of Texas, E. P. Price and Chester E. Ollison, Asst. Attys. Gen. of Texas, and Russel H. Markwell, of Galveston, Tex., for defendants.

KENNERLY, District Judge.

This is a suit (condemnation suit) by the Government of the United States to take for the public use (Army), under Sections 257, 258, 258a to 258e, 40 U.S.C.A., approximately 16,572 acres of land in this District and Division, and this is a hearing on the Government's motion to now adjudicate the title to such land.

Under a declaration of taking made by the Secretary of War in accordance with Section 258a et seq., and upon the deposit by the Government in the Registry of the Court of the sum of money fixed by the Secretary of War as the probable value of the land, an order was entered, declaring the fee-simple title to the land vested in the United States Government, and later an order was entered, giving the Government possession thereof. Thereupon, the Government took possession, and has since been in possession, of the land, using same or preparing to use same as an airplane bombing field.

On January 9, 1942, after a hearing, it was held that the fee-simple title to the land was in the United States Government, that the Secretary of War was without power to divest the Government of title to the minerals in the land, and the motion of the Government and a similar motion by certain persons to amend the pleadings so as to do so was denied. United States v. 16,572 Acres of Land, D.C., 45 F.Supp. 23, 24.

Since that time, the Commissioners appointed to value the land have given notice, either in person or by publication, to interested persons or parties of hearings before them in accordance with Article 3264 of the Texas Revised Statutes of 1925 and Amendments, Article 3264, Vernon's Annotated Civil Statutes of Texas.[1]

---

[1] The pertinent part of Article 3264 is as follows:

"4. The commissioners shall promptly set a time and place for hearing the parties, and the day appointed shall be the earliest practicable day, and the place selected shall be as near as practicable to the property in controversy or at the county seat of the county in which the property is situated.

"5. Notice in writing shall be issued by the commissioners to each of the

Some of the parties have waived such notice. In instances where notice has been by publication, an attorney has been appointed by the court to represent parties so notified.

By virtue of an Act of Congress approved October 21, 1942, 40 U.S.C.A. § 258f,[2] it is claimed that the Attorney General of the United States may stipulate and agree to divest the Government of title to the minerals.

On December 22, 1942, the Government filed a "Motion for Title Adjudication Hearing," setting up substantially the above matters, and alleging: "That it is believed that a title adjudication hearing before the Court to determine the present owners and ownership of the property involved in the above condemnation proceeding held in advance of the Special Commissioners' hearing on valuation would greatly reduce the number of defendants, definitely fix their interest in the property condemned, permit of advancements from the funds on deposit in the Registry of the Court, permit of the execution of stipulations by the adjudicated owners excluding minerals, and accelerate the final disposition of the case."

An order was entered fixing the time and place of such "Title Adjudication Hearing" and directing the Commissioners to give notice thereof.[3] At the hearing, many persons or parties have appeared, filed their pleadings, and offered evidence of their title, and others, though notified in the manner above set forth, did not appear.

1. No question is raised as to the jurisdiction[4] nor as to the regularity of previous proceedings, and the only question necessary to now discuss is whether interested parties have had legal notice of this hearing.

---

parties interested, notifying them of the time and place selected for the hearing.

"6. The notices shall be served upon the parties at least five days before the day set for the hearing, exclusive of the day of the service, and may be served by any person competent to testify, by delivering a copy of such notice to the party, his agent or attorney.

"7. When the property sought belongs to the estate of a deceased person or a minor, or other person laboring under disability, and the estate has a legal representative, the notice shall be served upon such representative.

"8. When the property belongs to a non-resident of the State, or if the owner is unknown, or if the residence of the owner is unknown, or the owner secretes himself so that the process of law cannot be served upon him, such notice may be served by publication in the manner provided for such service of citation by publication in other civil cases in the district or county court. When the owner is a non-resident of the State the notice may be served as provided in paragraph six hereof.

"9. The person serving notice shall return the original to the commissioners on or before the day set for the hearing, with his return in writing thereon, stating how and when it was served.

"10. When service of notice has been perfected, the commissioners shall at the time and place appointed or at any other time and place to which the hearing may be adjourned, proceed to hear the parties.

"11. Commissioners shall have the power to compel the attendance of witnesses and production of testimony, administer oaths, and punish for contempt as fully and in the same manner as is provided by law for judges of the county courts."

[2] Such Act is as follows: "To authorize the Attorney General to stipulate to the exclusion of certain property from condemnation proceedings. Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That in any condemnation proceeding instituted by or on behalf of the United States, the Attorney General is authorized to stipulate or agree in behalf of the United States to exclude any property or any part thereof, or any interest therein, that may have been, or may be, taken by or on behalf of the United States by declaration of taking or otherwise."

[3] "It is, therefore, ordered, adjudged and decreed by the Court:

"That a title adjudication hearing be had on the 14 day of January, 1943, at 9:30 A.M., in Galveston, Texas, Galveston County, in the Federal Courtroom.

"That the Special Commissioners, at the setting of the valuation hearing on January 11, 1943, at 10:00 A. M., in the County Courthouse at Bay City, Texas, make the announcement notifying all parties of the title adjudication hearing set for January 14, 1943, at 9:30 A. M., in Galveston, Galveston County, Texas, in the Federal Courtroom, and that they incorporate such notice in their order postponing the hearing on valuation to a day certain and subsequent to the title adjudication hearing before the Court."

[4] Jurisdiction is under Section 257, 40 U.S.C.A.

The procedure in condemnation suits in this court is prescribed by Section 258, 40 U.S.C.A., as follows (italics mine): "The practice, pleadings, forms and modes of proceedings in causes arising under the provisions of section 257 of this title shall conform, *as near as may be,* to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held, any rule of the court to the contrary notwithstanding."

It is necessary, therefore, to examine the state court procedure in like causes.

■ Under the Texas eminent domain statute (Articles 3264 to 3271, Vernon's Annotated Civil Statutes of Texas), first the County Judge of the county, then the Commissioners appointed by him, and then the County Court of the county have jurisdiction of condemnation proceedings. Articles 3264 and 3266 prescribe the only notice required to be given interested parties in such proceedings. Article 3264 prescribes the first notice, and Article 3266 prescribes the notice to be given after the Commissioners have made their report and objections are filed thereto. Under the practice in the state court, when parties interested have been notified by the Commissioners in accordance with Article 3264, they are before the court for all purposes, except proceedings which may arise under Article 3266. If they claim that the land cannot be taken by condemnation, or that they own the land or an interest therein, or in the funds in the registry of the court in lieu of the land, they must seasonably assert their claim. If the Commissioners fix the value of a parcel of land and interested parties stand by and do not object under Article 3266, they are bound by the Commissioners' report, etc. Ackerman v. Huff, 71 Tex. 317, 9 S.W. 236, 237; Gulf C. & S. F. R. Co. v. Southwestern Tel. & Tel. Co., 18 Tex.Civ.App. 500, 45 S.W. 151, 152.

■■ Under Section 258, 40 U.S.C.A., I find no difficulty in following here such state court procedure with respect to the appointment of and procedure before the Commissioners, Article 3264, the rule of damages before Commissioners, Article 3265, and some of the general provisions, subdivisions 1, 2, 3, 4, 5, and 7 of Article 3266. Also with respect to the vesting of title, Article 3271. United States v. 2049.85 Acres of Land, D.C., 45 F.Supp. 731. Notice having been here given interested parties under and as prescribed by Article 3264, they are before the court for all purposes except proceeding arising under Article 3266, and are bound by the adjudication of the title at this hearing.

2. With respect to the notice required under Article 3266.

■ Where either party to a condemnation suit in the state court, within ten days after the filing of the Commissioners' report, objects in writing to such report, the suit, under Subdivision 6 of Article 3266, is no longer a condemnation suit, but becomes a civil suit in the County Court, the adverse party must be cited, and the matter determined in accordance with the County Court procedure (Titles 41 and 42, Vernon's Annotated Civil Statutes of Texas), with trial before either the Judge of the court or a jury of six men. Such County Court procedure is clearly not applicable here, and it would seem to follow that where either party to a condemnation suit in this court, within ten days after the filing of the Commissioners' report, objects in writing to such report, the case is no longer a condemnation suit such as is mentioned in Subdivision 7, Paragraph (a) of Rule 81, but becomes a civil action here, and the adverse party must be cited, and the matter determined here in accordance with the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[5] But that procedure does not affect the procedure before the filing of the Commissioners' report hereinbefore discussed.

■ 3. From what has been said, it follows that the titles of parties interested

---

[5] But the matter is not free from doubt, and because of the doubt, I have in several cases held that it is for this court to regulate its practice in each particular case under Rule 83. This was done in the trial of United States v. 250 Acres of Land (Clarkson case at the Corpus Christi Division), and I quote from that Record:

"The Court: Now gentlemen, as we are pioneering a little, I suggest to you that it would suit me to try this case under the Federal Rules of Civil Procedure.

"Mr. Landrum: If your Honor please, in view of the position which the Government has heretofore taken with relation to the submission of specific issues, and with the understanding that the new rules of civil procedure do provide for

should be adjudicated, and they have been adjudicated as set forth in findings and conclusions this day filed.

the submission of such issues, the Government cannot consent that the case be tried under the new rules.

"The Court: I see.

"Mr. Landrum: And it is only, if your Honor please, to save that position that I make that statement.

"The Court: I see. Any other suggestions?

"My understanding is that where the rules of procedure are not fixed by a federal statute or by the rules generally that the District Court may make rules of procedure in any case or may adopt procedure that will be, in the judgment of the Court, proper. And so in the trial of this case I will try it according to the Federal Rules of Civil Procedure."