LLOYD G. HARRIS v. D. T. IGLEHART ET AL.

Decided October 21, 1908.

**1.—Limitation—Possession under void Grant.**

One in actual possession under a void grant which described the land in controversy could prescribe under the ten years statute of limitations to the extent of the boundaries of the grant, provided he held possession thereunder.

**2.—Same—Case Stated—Grant within Littoral Leagues.**

Possession of land granted by the Mexican authorities in 1834 was held by one claiming it as tenant of the whole tract for the grantee, and afterwards under a deed from such grantee to him of the portion in controversy, for a period of more than ten years. Held that he acquired title by limitation, though the grant should be held void because located within the littoral leagues without consent of the General Government.

Appeal from the District Court of Chambers County. Tried below before Hon. L. B. Hightower.

*H. H. Jackson, J. R. Davis* and *Marshall & Marshall,* for appellant. —The purported grant to T. J. Chambers, introduced by appellees, is void, for the reason it is not shown that the Federal or Central Government of Mexico gave its consent or authorized the location of the land described in said grant within the ten littoral leagues of the coast, and it is shown that said land is within ten littoral leagues of the coast. Wilcox v. Chambers, 26 Texas, 180; Cowan v. Williams, 49 Texas, 392; Good v. McQueen's Heirs, 3 Texas, 241; Smith v. Power, 14 Texas, 146; Wood v. Welder, 42 Texas, 396; United States v. Coe, 170 U. S., 688.

The purported deed introduced by the appellees from Thomas Jef-

ferson Chambers to William Chambers is insufficient to base limitation of three years upon, for the reason that it is based on the void grant of the Mexican Government to T. J. Chambers. Rev. Stats., art. 3341. A grant that is void upon its face does not constitute title or color of title. Smith v. Powers, 23 Texas, 29; Parker v. Baines, 59 Texas, 15; League v. Rogan, 59 Texas, 427; Texas Ld. & Mtg. Co. v. State, 1 Texas Civ. App., 616; Veramendi v. Hutchins, 48 Texas, 531; Watson v. Watson, 55 S. W., 138.

*Stevens & Pickett,* for appellee.—Ten years' possession of land, which was held under a grant within the ten littoral leagues prior to the enactment of the statutes of limitation of the year 1879, will support the defense of ten years' limitation in an action of trespass to try title. And the possession will be held to extend to the entire tract of land described in such grant. The 14th and 17th sections of the Act of February 5, 1841, pp. 475 and 476, vol. 1 of Sayles' Early Laws of Texas; Lambert v. Weir, 27 Texas, 365; Wofford v. McKinna, 23 Texas, 36; Charle v. Saffold, 13 Texas, 94; Dangerfield v. Paschal, 11 Texas, 579; Jones v. Menard, 1 Texas, 771; Moody v. Fleming, 4 Ga., 115; Conyers v. Kenan, 4 Ga., 308; Pillow v. Roberts, 13 How. (U. S.), 472.

FISHER, CHIEF JUSTICE.—This is a suit of trespass to try title, brought by appellant on the 24th day of January, 1906, in the District Court of Chambers County against the appellees. Appellees pleaded not guilty and the statutes of limitation of three, five and ten years. The case was tried before the court without a jury, and judgment rendered to the effect that the plaintiff take nothing by his suit against the appellees.

The plaintiff claimed title under a grant from the Mexican Government to Moses A. Carroll, dated in 1835, and the evidence shows that he is connected with that title by conveyances which are set out in the record.

Appellees claim title by virtue of a grant from the Mexican Government to T. J. Chambers, issued in 1834. The evidence shows also a deed from T. J. Chambers to William Chambers, of date 1865, conveying 800 acres of land in the Chambers grant. The evidence also shows that the appellees are connected with and asserting title under this deed.

If the land in controversy is embraced in the calls of the grant to Chambers and the calls in the deed from him to William Chambers, and the calls are sufficient to enable a surveyor to find and identify the land, and the defendants and those under whom they claim were in possession of the land a sufficient length of time to prescribe under the ten years statute of limitation of 1841, then we need not pass upon and determine whether the Chambers grant was void, as insisted upon by appellant, on the ground that it was located within the ten littoral leagues without the consent of the executive of the Mexican Government being shown. The Act of 1841 has been construed in several cases, and it was there held that one in actual possession under a void grant, which describes the land in controversy, could hold and prescribe under the ten years statute to the extent of the boundaries of the grant, provided he is asserting possession thereunder. Charle v. Saffold, 13 Texas, 94;

Wofford v. McKinna, 23 Texas, 36; Lambert v. Weir, 27 Texas, 362; Craig v. Cartwright, 65 Texas, 417. The calls in the two instruments referred to, in our opinion, are sufficiently certain and definite to enable a surveyor to locate and identify the lands therein attempted to be described, and the evidence with reasonable certainty establishes the fact' that the defendants and those under whom they claim were in possession of the land described in the deed from Chambers to William Chambers, executed in 1865. Prior to that time the Chambers grant was occupied by and in possession of William Chambers, holding and occupying the same for his brother, T. J. Chambers. The deed from him to William Chambers recites the fact that it is executed in part in consideration of the fact that William Chambers had occupied and been in possession of the land, holding the same for the grantor. There is evidence in the record which shows that William Chambers was in possession as far back as 1846, and thus continued in possession for a much longer time than was necessary to prescribe under the ten years statute. He was in possession when the statute was suspended during the period of our Civil War; and, as the time of such possession was sufficient under the Act of 1841 to bar the plaintiff and those under whom he claims in their right of action by virtue of the ten years statute prior to the time that the statute was suspended, we need not consider the question of limitation after that time. Of course, the possession of William Chambers during that period, as a tenant of T. J. Chambers, enured to the benefit of the latter, and William Chambers, having acquired title in 1865 from T. J. Chambers, he could assert whatever right was possessed by the latter. William Chambers during that period being in actual possession of a part of the grant, holding the same for T. J. Chambers, the latter, under the ten years statute then in force, could claim possession to the extent of the boundaries of the grant under which he was asserting title.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*