**MORRISON v. BENNETTE.  (No. 639.)**

(Court of Civil Appeals of Texas. Beaumont. Feb. 9, 1921.)

1. **Adverse possession ⊜44—Vacancy for two-month periods between successive occupancies held not to break continuity of possession.**

In trespass to try title, in which plaintiff claimed title under the statutes of limitation, finding of continued occupancy during required period *held* warranted, notwithstanding that in several instances there was a period of about two months between the time when one occupant moved out and another moved in.

2. **Appeal and error ⊜931(6) — Trial court presumed not influenced by incompetent evidence.**

It will be presumed that the court trying the case without a jury was not influenced by incompetent evidence, in the absence of a contrary showing.

3. **Evidence ⊜353(3)—Extraneous and self-serving declarations in deed not admissible against stranger to deed.**

Extraneous and self-serving declarations in a deed of conveyance are not admissible in evidence against stranger to the deed.

4. **Evidence ⊜353(3)—Recitals in deed admissible to show privity between plaintiff and predecessor.**

In trespass to try title, in which plaintiff claimed to have acquired title by adverse possession, recitals in deed to plaintiff from predecessor, offered not as a muniment of title, but to show privity between plaintiff and predecessor to establish continuity of possession, *held* admissible for such purpose as against objection that defendant was not a party thereto.

5. **Adverse possession ⊜43(3)—Variance between description in petition and description in deed between plaintiff and predecessor harmless.**

Where plaintiff claimed title by adverse possession, variance between description of land in petition and description in deed between plaintiff and predecessor was harmless, where the deed was not offered as a muniment of title, but for the purpose of proving privity between plaintiff and such predecessor to establish continuity of possession for required period.

Error from District Court, Montgomery County; D. F. Singleton, Judge.

Suit by J. O. H. Bennette against W. A. Morrison and others. Judgment for plaintiff, and named defendant brings error. Affirmed.

W. A. Morrison, of Cameron, and R. A. Powell, of Montgomery, for plaintiff in error.

W. N. Foster, of Conroe, for defendant in error.

HIGHTOWER, C. J. The defendant in error, Bennette, as plaintiff below, filed this suit in the district court of Montgomery county, seeking to recover 160 acres of land, which was patented to Samuel V. Lamothe by patent No. 105, volume 41, and issued on May 3, 1873. The plaintiff named as defendants the unknown heirs of S. V. Lamothe, and also the unknown heirs of several other persons, and, in addition, named as defendants Y. W. Holmes and W. A. Morrison, who were sued in their capacities as trustees for certain other persons named in the petition.

The first count of the plaintiff's petition was in the statutory form of trespass to try title, and, in addition thereto, plaintiff specially pleaded and claimed title under the five and ten years statutes of limitation.

All defendants sued as unknown heirs were duly cited by publication, and it appears from the record that an attorney was duly appointed by the trial court to represent them, and their answer filed by such attorney consisted of a general denial and plea of not guilty. Defendant Holmes filed a disclaimer, and defendant Morrison, in the capacity in which he was sued, answered by a general denial and a plea of not guilty.

The case was tried before the court without a jury, and resulted in a judgment in favor of plaintiff against all defendants for the 160 acres of land sued for. From this judgment defendant Morrison alone prosecuted a writ of error to this court. For convenience and brevity plaintiff in error will be referred to as appellant, and defendant in error as appellee. The trial court, at the request of appellant, prepared and filed the following findings of fact and conclusions of law:

### "Findings of Fact.

"First. I find that the land and premises described in plaintiff's original petition, being the Samuel V. Lamothe survey of 160 acres, more or less, is situated in Montgomery county, Texas, except as to about five or six acres, which portion lies across Peach creek, in San Jacinto county; and that said survey was patented by the state of Texas to Samuel V. Lamothe May 21, 1873.

"Second. I find that the land and premises described in plaintiff's original petition have for a great many years been known as the old Cude place. It was originally improved and occupied by one Eli Grey in about 1879. It came into the possession of Isom Moberly or Warren Davis about 1890 or 1891, and from that time until plaintiff acquired it from Cude by deed dated January 20, 1903, it was continuously occupied under claim of ownership, and in such a way as to ripen title by adverse possession under the statute of ten years' limitation. I find that Isom Moberly, Warren Davis, S. D. Barclay, Joe Wiggins, and J. R. Cude each owned and claimed said land, being the entire survey, and together constitute a chain of title down to plaintiff, J. O. H. Bennette. Said parties occupied the land and held the same adversely, either themselves or by tenants, for each and every year of said time from the time Moberly or Davis bought it, as aforesaid, until plaintiff purchased it from Cude, in 1903.

"That at least a portion of the land, ranging from a mere garden to some five or six acres, was in cultivation each year of said period, and a family of the claimant or his tenant occupied it each year, and I find that there was no vacancy between the occupancy of the several parties, except for a very brief period after one occupant would move out and until the next moved in, and I find that there was no such vacancy as would break the chain of title under the limitations statutes.

"Fourth. I further find that at the time plaintiff, Bennette, acquired the land it was occupied by one Stegall as a tenant of Cude, and that he thereupon became the tenant of plaintiff, and remained his tenant, occupying the place and holding it for plaintiff for about a year and a half. That thereafter Tom Pickering and John Wiggins, as plaintiff's tenants, occupied the place in all about three years, and that, therefore, after plaintiff acquired the place, he had continuous, adverse possession thereof through his tenants Stegall, Pickering, and Wiggins about four and one-half years. Said tenants Stegall and Pickering and Wiggins occupied the place, with their families, and used a portion of the land, cultivating, using, and enjoying the same continuously from the time plaintiff purchased it for a period of about four and one-half years.

"Fifth. I further find that plaintiff and those under whom he holds and claims have had continuous, adverse possession of said land and premises from about 1890 or 1891 to 1907 or 1908, and that during all of said period said persons have cultivated, used, and enjoyed said premises and claimed the same adversely as against the whole world.

### "Conclusion of Law.

"Based upon the foregoing findings of fact, I conclude as matter of law that plaintiff has title to the land and premises described in his petition under and by virtue of the statute of limitations of ten years, and I so find and judgment is accordingly awarded plaintiff."

Appellant, by appropriate assignments of error, has challenged each material finding of fact made by the trial court, as shown above, and strenuously insists that the evidence introduced was insufficient upon which to base such findings. It will be apparent to the legal mind that if the findings made by the trial court, as we have shown them, have sufficient support in the evidence adduced, then it should follow, as a legal conclusion, that judgment was properly rendered in favor of appellee, and that the judgment should be affirmed, unless errors prejudicial to appellant were committed in the admission or rejection of evidence during the trial. We have given careful consideration to all the evidence found in the record, in our consideration of the several assignments attacking the trial court's findings of fact, and we have concluded that we would not be warranted in setting aside any finding of fact made by the trial court on the ground that it was without sufficient support in the evidence, if given credence, to support any such finding. We frankly concede that the evidence was not of that clear and cogent character offered in support of a limitation title as is sometimes found in reported cases, but we cannot say that it was insufficient, either on the question of the continuous occupation, privity between the claimants, or adverse claim to the land while held by the several parties during the time necessary to be computed to perfect title in the appellee. On the question of privity between several of the claimants, it is true that the evidence was not positive in showing such privity; nevertheless all of it taken together

showed strongly such privity by sufficient circumstances, we think, to uphold the finding of the trial court that there was the necessary privity between the occupants whose possession was necessary to be considered by the trial court in reaching his findings.

[1] And while it is true that the evidence does show that in several instances there was as long a period of time as two months ("or about two months") lapsing between actual occupancy by one of the possessors and before another came in, yet we cannot say that the trial court was not warranted in finding that such breaks in the actual occupancy were not unreasonable, and were not for any greater length of time than was reasonably required for one occupant to enter after another had gone. It was positively shown, by sufficient evidence, that the premises were occupied and a crop raised every year during the period of time necessary to confer title by limitation under the ten years statute; and, further, it was shown that during all of said period of time there were upon the premises a dwelling house, crib and smokehouse, and that the cultivated land was inclosed by a fence; and, further, that this dwelling house was continuously occupied by the several claimants and their families during the period of time necessary to be computed under the 10 years statute, except as above stated, and as found by the trial judge, for a period of "about two months" in some instances, when one occupant would move out and another move in. It would serve no useful purpose to discuss more in detail the evidence upon which the trial court's findings of fact were based, and, in keeping with the custom of this court, where we affirm the trial court's judgment on questions of fact, we will not enter into a discussion of the evidence in detail. It is sufficient to say that we adopt the trial court's findings of fact, as above shown, and therefore overrule all assignments of error challenging them.

[2] By the seventh assignment complaint is made that the trial court committed error in permitting the witness Joe Wiggins to testify to certain matters which, appellant says, were purely hearsay, and that for such reason the evidence was incompetent. If the contention of appellant as to this matter be correct, still this court would not reverse the judgment of the trial court because of the admission of such evidence, the case being tried before him without a jury, because, following the rule well established in this state, it will be presumed that the trial court was not influenced by such incompetent evidence, if it were such, in reaching his conclusions, in the absence of a contrary showing.

[3, 4] By the eighth assignment complaint is made of the action of the trial court in permitting the appellee to introduce in evidence the recitations in the deed from Cude and wife to the appellee, the date of which was June 29, 1903, the objection being that the recitations in said deed were hearsay, and the defendant was not a privy to said deed or in any wise a party thereto, and also because such recitations constituted self-serving declarations on the part of the grantors in the deed, and were incompetent for that reason. The proposition under the assignment is: "Extraneous and self-serving declarations in a deed of conveyance are not admissible in evidence against a stranger to the deed, over objection to the admission of such recital." Undoubtedly this proposition announces, in the abstract, a correct rule of law. The recitation in the deed objected to was as follows:

"And being the land upon which we and those under whom we claim have lived and had and held open, adverse, actual possession, for a period of more than ten years down to the date of the execution and delivery of these presents, and being the same land to which we are entitled and have good valid title under and by virtue of the statute of limitations of the state of Texas."

Had such recitations in the deed been offered as proof or evidence of the facts recited, they would have been inadmissible for such purpose. The deed, however, from Cude and wife to appellee was not offered as a link in any chain of title set up by appellee to the land, but, on the contrary, was offered only as showing privity between Cude and wife and appellee, and also the extent of appellee's claim in the land, and, therefore, having been offered for such limited purposes, and the cause having been tried without a jury, no error was shown as complained by this assignment.

[5] By the ninth assignment it is complained that the trial court was in error in permitting the introduction in evidence by appellee of the deed from Cude and wife to himself, for the reason that the deed did not describe the land as described in plaintiff's petition, and because of the variance between the petition and the description in said deed, and for other reasons unnecessary here to state. As just above stated, the deed from Cude and wife was not offered as a muniment of title, but for the limited purposes before stated; and if it should be conceded that the description contained in the deed was wholly insufficient, as claimed, no prejudicial error was committed by the court in permitting its introduction. Had it been shown, and if it were the contention of appellant here, that the title to the Lamothe survey had become perfect in Cude under the statute of 10 years' limitation prior to the execution of this deed, then the question of sufficient description vel non might have been a more serious one; but no such contention is made by appellant.

This, in effect, disposes of all assignments of error, and they are all overruled, and the judgment affirmed, and it will be accordingly so ordered.