MRS. MADGE POWELL ET AL V. MRS. LARUE WILEY ET VIR.

No. 8042. Decided April 21, 1943.
(170 S. W., 2d Series, 470.)

*Elmer Patman,* of Austin, *S. I. Cornett,* of Linden, for petitioners.

The Court of Civil Appeals erred in disregarding the findings of the jury and substituting therefor its so-called said jury findings when the jury findings were supported by competent evidence, and in holding that exclusive possession on the part of the donee is not necessary as an element to support a parol gift. Willis & Conner v. Turner, 25 S. W. (2d) 642; Wooldridge v. Hancock, 70 Texas 18, 6 S. W. 818; Hightower v. Pruitt, 77 S. W. (2d) 754.

*Lincoln & Harris,* of Texarkana, for respondents.

On the question of whether possession is essential to parol gift. Patterson v. Patterson, 27 S. W. 837; Carlton-Ferguson Dry Goods Co. v. McFarland, 230 S. W. 208; Lehman v. Berry, 126 S. W. (2d) 499; Garrity v. Rainey, 112 Texas 369, 247 S. W. 825.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The respondents, Mrs. Larue Wiley and her husband, instituted this suit against the petitioners, Mrs. Madge Powell and Mrs. Pansy Ruth McCutcheon and her husband. The object of the suit is to establish the equitable title and right of possession claimed by Mrs. Wiley under a parol gift of a certain tract of 128 acres of land in Cass County. The gift is alleged to have been made by Mrs. Powell to Mrs. Wiley in the year 1934. Mrs.

McCutcheon holds a warranty deed to the same tract of land, which was duly executed to her by Mrs. Powell in the year 1940.

The case was tried in the district court before a jury and, upon special issues submitted to them, the jury found the following facts: (1) That on or about January 1, 1934, Mrs. Powell "made an oral gift of the land to Mrs. Larue Wiley"; (2) that the Wileys *did not* go into "exclusive possession" of said land after the gift; (3) that the Wileys "made permanent and valuable improvements on said land after they went into possession thereof"; (4) that the value of such improvements was $500; (5) that Mrs. Powell knew that said improvements were being made; (6) that the Wileys relied on the said oral gift of said land "in making said improvements."

The following facts were established by undisputed evidence: Several months prior to January 1, 1935, Mrs. Powell, who was owner of the land in controversy, orally declared her purpose to give the land to Mrs. Larue Wiley. Afterwards, on or about the date named, she put the Wileys in possession of the tract, and the latter have resided upon and cultivated the land ever since. Mrs. Powell resided on a separate tract of land located several miles away, but frequently visited the Wileys. In the year 1940, Mrs. Powell deeded the said tract of land to Mrs. McCutcheon. At that time, the possession of the land by the Wileys was—as it had been for several years before—of such apparently exclusive character as to charge *subsequent purchasers with constructive notice* of any rights which Mrs. Wiley had in said land. All the improvements which the Wileys made on the land were made before the year 1938.

The trial court rendered judgment for Mrs. Powell and Mrs. McCutcheon. The Wileys appealed, and the Court of Civil Appeals reversed the trial court's judgment and rendered judgment for them. The case is now here by writ of error.

There is no need for us, in order to reach a decision, to consider any ground of complaint set up in the petition for the writ of error other than the one which relates to the action of the Court of Civil Appeals in disregarding the jury finding No. 2, stated above. The procedure pursued in procuring said fact finding was as follows: Special Issue No. 2, which the trial court submitted to the jury, reads as follows:

"Do you find from a preponderance of the exidence that Mrs. Larue Wiley and husband went into exclusive possession of said land after such gift, if you have found that such gift was made?"

The jury answered this question "No." The special issue was modified by an exlanatory charge given to the jury by the trial court in the following words:

"By the term 'exclusive possession,' as used herein, is such possession as gives one the use and control of the property and excludes all others from a like use or control."

The Wileys made no objection to the form or substance of either the special issue or the explanatory charge. Nor did they request the submission of any other special issue bearing on the relation between the possession of Wileys and the orally declared gift. In this connection it is appropriate to state that there is considerable evidence of a circumstantial nature, contained in the record, which has sufficient probative force to raise the fact issue that Mrs. Powell, is surrendering possession to the Wileys, did not intend to transfer her right of control as owner; and that neither Mrs. Powell nor Mrs. Wiley ever contemplated such possession as signifying the execution or consummation of the promised gift.

■ In regard to a parol gift of land, the rule is firmly established in this State that in no event will a court of equity aid the gift to escape the condemnation of the statutes of fraud (R. S. Art. 1288), unless the donee, with the express or implied consent of the donor, goes into actual possession of the land. Davis v. Douglas, 15 S. W. (2d) 232, and cases there cited. It is undoubtedly true that, if unexplained, the surrender of actual—and apparently exclusive—possession of the land to the donee symbolizes the execution of the gift; but it is also certainly true that such surrender of possession—if the fact be shown that the parties did not so intend—will not operate to divest the donor of the right of control which pertains to the status of owner. Compare Davis v. Douglas, supra.

■ We come now to make application of what is said above. Since a recovery by the Wileys depends upon the enforcement of the oral gift, it was incumbent upon them to establish every fact upon which such enforcement depends. We have seen that the transfer to the donee, of the right of control which pertains to the status of owner of the land, is one of these facts; and that in the present instance this fact was put in issue by evidence sufficient for the purpose. If this issue was not determined by jury finding No. 2, then it was impliedly determined by the trial court's judgment. In either case, the Court of Civil Appeals had no authority to set aside the determination.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court April 21, 1943.