**DAWSON v. TUMLINSON et al.**

No. 12212.

Court of Civil Appeals of Texas. Galveston.

Nov. 9, 1950.

Rehearing Denied Jan. 11, 1951.

Massey, Hodges & Moore and Otto Moore, Jr., all of Columbus, for appellant.

J. M. Rutta and G. F. Steger, of Columbus, for appellees.

CODY, Justice.

Appellant brought this suit against appellees in trespass to try title to subdivisional Lot 6, Block 49, in the Town of Columbus. At the conclusion of appellant's evidence, the Court granted appellees' motion for a directed verdict, dismissed the jury, and rendered judgment that appellant (plaintiff) take nothing from which action this appeal is prosecuted.

In addition to the formal action of trespass to try title, appellant specially pled her title. She in effect pled that Henry Davis and wife, Jane Davis, were the common source; that Henry Davis died intestate in 1920, leaving no children and that Jane as community survivor became the sole owner of the property; that Jane made a parol gift of the property to appellant's parents, Len and Lena Claiborne, who accepted the gift, went into possession thereof, and with the knowledge of the donor made substantial improvements thereon in reliance on the gift; and that Jane thereafter died intestate in 1924, leaving no children; that the said Len and Lena both died intestate thereafter, and left as their sole heir, appellant who was their only child. In addition to the plea of parol gift, appellant also pled the ten year Statute of Limitations. Vernon's Ann.Civ.St. art. 5510.

Appellees' answer was in usual form, and in addition plead the Statute of Conveyances, R.C.S. Art. 1288. Appellees also pled a cross action against appellant in trespass to try title, but took a non suit on such cross action, prior to judgment.

Briefly stated, appellant's evidence was to the effect that Henry and Jane Davis, his wife, were the common source, and acquired the entire fee simple title to the lot, as their community estate in 1879; that Henry and Jane lived upon the property together as man and wife until his death in 1920; that Jane continued to reside upon the property until the date of her death in 1924; that near the end of her life she became feeble and helpless and feared that she might be taken to the poor farm; that she wished to give her property to some white friends who declined to accept it, and who suggested that she give the property to the people of her own race who were then looking after her, whereupon Len and Lena Claiborne, who lived across the street were called in, and Jane thereupon made a parol gift of the property to Len and Lena Claiborne, upon the agreement that they were to take care of her until she died, and Len and Lena then and there accepted the gift, and thereafter took care of Jane until she died. Appellant's evidence also was to the effect that Len, with the knowledge of the donor, made permanent improvements on the property consisting of repairing the roof to the gallery, and repairing the water pump, at the total approximate cost of $75.00. The evidence affirmatively showed that Len and Lena, neither in the life time of Jane, or at any time ever went into pedal possession of property. But appellant's evidence was to the effect that after Jane's death, Len and Lena rented the property to tenants.

Appellant predicates her appeal upon three points, the first two of which are to the effect that the Court erred in dismissing the jury and rendering judgment against appellant because (1) the evidence was sufficient to go to the jury on the issue of parol gift, and because (2) the evidence was sufficient to go to the jury on the issue of such possession by appellant and her predecessors in interest so as to ripen title under the ten year Statute of Limitations. —Appellant's third point is "The trial court erred in excluding the testimony of appellant regarding the payment of rent because if the admission of said testimony on direct examination was error under Article 3716, such error was waived and cured by the cross-examination of appellant by counsel

for appellees regarding said rent, and such testimony" was admissible after cross-examination.

■ Before taking up appellant's points, we will dispose of appellees' contention that appellant could not in any event inherit from her father. The evidence was undisputed that appellant was the child, and only child of Len and Lena, and that her parents intermarried after she was born. Appellant was thereby made legitimate. R.C.S. Art. 2581.

■ The equitable doctrine as to the enforceability of parol sales and gifts of land, notwithstanding the statutes of frauds and of conveyances, is helpfully discussed by our Supreme Court in Hooks v. Bridgewater, 111 Tex 122, 229 S.W. 1114, 15 A.L.R. 216. And it was said in Wooldridge v. Hancock, 70 Tex. 18, 6 S.W. 818, 822, which is quoted with approval in the cited Hooks Case, "But it is necessary to the validity of a parol sale or gift of land in Texas, however the rule may be elsewhere, that *possession be delivered* and substantial and valuable improvements made, with the consent or knowledge of the vendor, upon the faith of such gift * * *".

■ In the Hooks Case, supra, at page 128 of 111 Tex., at pages 1114, 1116, of 229 S.W., it was said that the rule as to the enforcement of parol sales and gifts of lands was very definite, and required the concurrence of (1) the payment of the consideration, (2) adverse possession by the purchaser and (3) the making by the purchaser of valuable and permanent improvements, and so "insures the application of the exemption only for the avoidance of actual fraud, and secures, as it should, the full operation of the statute in all other cases. Its purpose is to both prevent the perpetration of fraud and to *safeguard the titles of lands*." (Emphasis supplied.) See Davis v. Douglas, Tex.Com.App., 15 S.W. 2d 232, 233; Thornton v. Central Loan Company, Tex.Civ.App., 164 S.W.2d 248 (writ refused); Franzetti v. Franzetti, Tex.Civ.App., 124 S.W.2d 195 (writ refused.)

■ Appellant adduced evidence to go to the jury on two of the three requirements of the rule which would authorize the exercise of the equity jurisdiction of the court to enforce a parol gift of land, namely, there was evidence from which it could be inferred there was a present parol gift and acceptance, and that the donees made, during the life of the donor, permanent improvements, and whether the value of the improvements was substantial was for the jury. But there was no evidence produced that Len and Lena went into actual possession of the land during the life of the donor. The fact that they looked after the donor, brought her meals, etc., while continuing to reside in their house across the street from the premises will not suffice. "In regard to a parol gift of land, the rule is firmly established in this state that in no event will a court of equity aid the gift to escape the statutes of frauds (R.S. Art. 1288) unless the donee, with the express or implied consent of the donor goes into *actual* possession of the land." (Emphasis supplied.) How possession can be actual, unless it is taken in person, or by agent, or by tenant,—that is, in some way that possession gives notice of the claimant's claim of ownership, is hard to imagine. See the Thornton Case, supra, at page 251, of 164 S.W.2d.

■ The general rule is that the possession of the donee must be exclusive,— ousting the donor. This, because the possession of the donee must be adverse to the possession of the donor. The holding in Patterson v. Patterson, Tex.Civ.App., 27 S.W. 837 (writ refused), seems to engraft an exception on the rule that the possession of the donee must exclude the donor. But it is the sort of exception which proves the rule. In that case the intention of the donor to make, and the intention of the donee to accept the gift was established as a matter of law. There was a written deed, the description of which was fatally defective because it did not properly locate the land. But the evidence showed that the donor oversaw the construction of improvements on the land as the donee's agent, and further showed

that he represented to all having financial dealings with the donor with respect to placing permanent improvements on the property, that the same belonged to the donee. And of course the donee was in *actual* possession.

Under the evidence before the court, the fee simple title to the entire property vested in Jane Davis, as the survivor in community upon the death of her husband, Henry. We infer from what is said in the briefs of the parties, that appellant's father, Len Claiborne, was related to Henry. But neither he, nor any of the appellees, could have taken any interest in the property, as heirs at law of Henry. Consequently Len was not, as a matter of law, a tenant in common with any of the appellees, who claimed an interest in the property as heirs of Henry. Therefore, such possession of the property as was maintained by Len through his tenants, was necessarily adverse to the appellees, who claimed as heirs of Henry, regardless of whether he gave notice to them that his possession by his tenants was adverse. But, as indicated, the heirs of Henry had no claim under the law to the property anyway, so their claims did not require being cut off by adverse possession.

■ It is well settled that a claimant to the title of land by adverse possession under the ten year statute must show ten consecutive years of adverse possession. "Presumptions to establish such a claim will not be indulged but such a claimant has the burden of proving every necessary or essential fact, in connection with his possession and claim, which go to make up or give him title by limitation. (Authorities)" Cook v. Winter, Tex.Civ.App., 207 S.W.2d 145, 149. (Refused, N.R.E.) "If and when it (possession) is perfected through occupancy by a tenant, the tenant must make continuous use of it for claimant in such a way as to visit notice upon the public of possession and adverse claim."

■ The evidence here adduced by appellant was sufficient to establish, or at least raise the issue, that appellant's parents began occupying the property here involved through their tenants, either at, or after the death of the donor. The evidence was certainly sufficient to raise the issue that such occupancy as appellant's evidence disclosed that the tenants of her parents held, was adverse possession. But appellees assert, and appellant does not expressly deny—though she has filed a reply brief—that there is no evidence, hearsay or otherwise (inclusive of the evidence which was excluded under the "dead man's statute", Vernon's Ann.Civ.St. art. 3716) sufficient to show ten consecutive years of adverse possession.

So far as we are able to determine, appellant has not made out a prima facie case of uninterrupted occupancy of the premises by tenants for a period of ten consecutive years. And it is further made to appear by appellees that appellant testified to such occupancy by tenants where it was established that she could have come by such knowledge only by heresay because of her absence from the locality for a period of months or years, making it impossible for her to have first hand knowledge of the matter.

■ Since appellant's competent evidence, regardless of whether the dead man's statute applied thereto, was insufficient to raise the issue of (1) parol gift, or (2) title by ten years adverse possession, we need not determine whether the court's exclusion of the evidence was error, the court did not err in rendering judgment that appellant "take nothing" by her suit. The judgment did not undertake to vest any title in the appellees or any of them, and if it had so undertaken, no harm would have thereby been visited upon appellant, as her evidence failed to raise the issue of title by parol gift, or ten year statute of limitations.

The judgment is affirmed.