John GATES et ux., Appellants,

v.

Lucille HAMPTON, Appellee.

No. 7080.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 18, 1961.

R. D. Oswalt, Vernon, for appellants.

Cleddie A. Palmer, Vernon, for appellee.

NORTHCUTT, Justice.

This is a suit brought by John Gates and wife, Lula Gates, as plaintiffs, in the form of trespass to try title and also alleging an oral contract whereby Lucille Hampton, a widow, agreed to sell certain real estate to the plaintiffs. The plaintiffs also pleaded a written memorandum made by the defendant, Lucille Hampton, but not signed by her, which memorandum recited the major portion of such agreement or contract of sale. It was the contention of the plaintiffs that the defendant agreed to sell the real estate in question to the plaintiffs for the sum of $2,500 to be paid for at the rate of $25 per month, payable on the 14th of each month and that deferred payments were to bear interest at the rate of 10% per annum until paid. It is pleaded by the plaintiffs that they entered the possession of the premises in question on or about August 1, 1955 and continued to use and occupy the same as their home until on or about the first day of May, 1960, when the house located on said real estate was destroyed by fire.

Plaintiffs also allege that the defendant carried fire insurance on said property for an amount more than sufficient to pay the unpaid portion of the purchase money; that the defendant had collected the insurance and consequently the defendant had been paid in full the contract price of said sale; that defendant refused to execute and deliver to the plaintiffs a good and sufficient warranty deed conveying the premises to the plaintiffs and that the plaintiffs had been damaged in the sum of $3,000. Plaintiffs then prayed for the title and possession of the real estate in question and their damages in the sum of $3,000. The defendant answered denying all the contentions made by the plaintiffs but contended that the plaintiffs were renters only. The defendant contended that at one time the plaintiffs discussed buying the real estate in question, and requested the defendant to write the memorandum, pleaded by plaintiffs, so that the plaintiffs could send the same to the plaintiffs' son-in-law and daughter to see if they would help the plaintiffs in purchasing the property. It will be noticed that the memorandum shows the son-in-law and daughter were set out in the memorandum in the same capacity as the plaintiffs. Defendant contended no agreement was ever made as to the purchase price and that the transaction was never consummated because the plaintiffs did not raise an adequate sum for the down payment. The defendant also pleaded the statute of frauds.

The case was tried to a jury, and at the close of all the evidence, the trial judge instructed the jury to return a verdict for the defendant. Consequently, judgment was entered that the plaintiffs take nothing by their suit. From that judgment the plaintiffs perfected this appeal. The parties will be referred to as they were in the trial court.

The plaintiffs present this appeal upon five points of error, contending the court erred in instructing a verdict for the defendant in holding that the evidence did not show a clear unambiguous contract; in holding that the evidence did not show that the plaintiffs had paid all of the consideration required; in holding that the plaintiffs did not show that permanent and valuable improvements were made so as to remove the alleged parole contract from the operation of the Statutes of Frauds, and in finding that the evidence when taken in its most favorable light did not establish or prove that all of the consideration required

by the alleged parole contract for the purchase of real property in question.

The written memorandum does not state any price the property was to be sold for, and states the monthly payments were to be $45 per month, payable on the 14th of each month. The pleadings and also the evidence of the plaintiffs is so contrary to the written memorandum that the memorandum will not be further considered. The contention of the plaintiffs was that the monthly payments were to be $25 per month payable on the 14th of each month. The record shows that the plaintiffs never made any payments on the 14th as they contended they were to be made.

There is nothing in the record to show the value of any improvements that plaintiffs said they placed upon the property in question. Mr. Gates testified he did a lot of papering and cardboarding and painting on the inside of the house and put a pretty good fence around it, posts and everything. Mrs. Gates testified they did pasteboarding in the whole front room and did some painting. They got cardboard boxes and put them up. When Mrs. Gates was asked about the improvements on the outside, in the way of a fence, she never acknowledged any fence was built but stated that they kept it clean and cut the weeds and that Mr. Gates did get out and fill in the holes. There is nothing in the record to show that Mrs. Hampton knew about or authorized any such improvements.

■ During the time the plaintiffs were living in the property, and now contending they were buying the property, the defendant placed a water heater on the property and did other improvements. It is stated in the case of Dawson v. Tumlinson et al.,

150 Tex. 451, 242 S.W.2d 191, 192, by the Supreme Court of Texas as follows:

"The law in this state as to parol sales and parol gifts of real property was fully and carefully stated in Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216, and the law as there stated has been consistently followed. Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147; Powell v. Wiley, 141 Tex. 74, 170 S.W.2d 470; Maloy v. Wagner, 147 Tex. 486, 217 S.W.2d 667. 'From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. * * *

" 'Each of this three elements is indispensable, and they must all exist.' 111 Tex. 122, 126–127, 229 S.W. 1114, 1116."

See also Garza v. Martinez Mercantile Co., Inc., Tex.Civ.App., 208 S.W.2d 567.

■ In our opinion the evidence in this case does not show sufficient facts to take an oral contract of sale of land out of the Statute of Frauds. Vernon's Civil Statute of Texas Art. 3995.

The judgment of the trial court is affirmed.