

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00284-CV

ANNA JOSLIN AKA ANNA MENDIOLA, APPELLANT

V.

DELFINA G. MUNOZ, ET AL., APPELLEES

On Appeal from the 79th District Court
Jim Wells County, Texas[1]
Trial Court No. 18-09-58739-CV, Honorable Richard C. Terrell, Presiding

April 30, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant Anna Joslin appeals from the trial court's judgment awarding title and possession of real property to Appellees Delfina Gonzalez Munoz, individually and as

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Fourth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

administrator of the Estate of Juan Manuel Munoz, Mark Anthony Gonzalez, Bonnie Marie Gonzalez, Jacob Manuel Munoz, and Luis Albert Munoz. We reverse and remand.

## BACKGROUND

Appellees claim that Juan Manuel Munoz and Delfina Munoz, husband and wife, constructed and occupied a brick home valued at $200,000 on a 1.25-acre parcel of real property (the "Property") which was owned by Juan's mother, Joslin, in reliance on Joslin's promise to gift the Property to them. Juan and Delfina lived in the home and considered it their homestead. In April of 2017, Juan died intestate. In May of 2017, Joslin demanded that Delfina move out of the home. Delfina was appointed as dependent administratrix of Juan's estate in July of 2017. Joslin moved into the house in 2019.

The parties subsequently mediated their claims in Cause No. 17-07784-PR, *In the Estate of Juan Manuel Munoz, Deceased*, pending in the county court of Jim Wells County, and in Cause No. 18-09-58739-CV, styled *Delfina Munoz, Individually and as Executor of the Estate of Juan Manuel Munoz v. Anna Joslin*, pending in the 79th District Court of Jim Wells County. On December 13, 2019, Delfina and Joslin signed a settlement agreement providing that Joslin was to pay Delfina and the estate $150,000 within 120 days in exchange for the release of Appellees' claims to the Property and for reimbursement. All Appellees were required to execute a quitclaim deed conveying their rights in the Property to Joslin.

Appellees signed a quitclaim deed on January 30, 2020. On January 31, they filed an amended petition against Joslin alleging that she had wrongfully dispossessed them

2

of the Property.[2]  Appellees sought a deed to the Property or, in the alternative, monetary relief of $200,000.

The case proceeded to a bench trial held via Zoom on March 6, 2023, at which Joslin and Delfina testified.  On April 26, the trial court entered a judgment awarding title and possession of the Property to Appellees, from which Joslin appeals.

**ANALYSIS**

By five issues on appeal, Joslin challenges the sufficiency of the evidence supporting the judgment and the propriety of the relief granted.  In her first two issues, she alleges that there is no evidence or insufficient evidence to support the judgment.  Her remaining issues challenge the propriety of the relief granted by the trial court.  In our analysis, we will consider, in turn, the three causes of action asserted by Appellees in their petition.[3]

To prevail on their first claim, trespass to try title, Appellees had to (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned.  *Plumb v. Stuessy*, 617 S.W.2d 667, 668 (Tex. 1981).  Appellees did not present evidence supporting a claim of title from sovereignty, from a common source, by limitations, or by prior possession.  Therefore, they could not prevail on their trespass to try title claim.

---

[2] The first pleading included in the Clerk's Record is titled "Plaintiffs' First Amended Original Petition."

[3] Appellees' pleadings do not include a breach of contract claim seeking enforcement of the parties' settlement agreement.

Second, Appellees asserted that Joslin agreed to give them, by oral gift, the Property. In Texas, the well-settled general rule is that a conveyance of real property must be in writing. *See Dawson v. Tumlinson*, 242 S.W.2d 191, 192 (Tex. 1951); *see also* TEX. PROP. CODE ANN. § 5.021 (requiring instrument of conveyance); TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4) (Statute of Frauds). However, an exception to the general rule exists for an oral gift of real estate. To establish a valid parol gift of real estate, a claimant must show (1) a gift "in praesenti," that is, a present gift, (2) possession under the gift by the donee with the donor's consent, and (3) permanent and valuable improvements by the donee with the donor's consent or other facts demonstrating that the donee would be defrauded if the gift were not enforced. *Troxel v. Bishop*, 201 S.W.3d 290, 297 (Tex. App.—Dallas 2006, no pet.); *Thompson v. Dart*, 746 S.W.2d 821, 825 (Tex. App.—San Antonio 1988, no writ). "Because an oral transfer of real estate is a strictly[-]enforced exception to the statute of frauds, a person claiming a gift of real estate by oral transfer must prove the oral gift under a clear and convincing evidence standard of proof." *In re Estate of McNutt*, No. 04-15-00110-CV, 2016 Tex. App. LEXIS 1305, at *7 (Tex. App.—San Antonio Feb. 10, 2016, pet. denied) (mem. op.). While there was evidence that Delfina and Juan made valuable improvements to the Property by constructing a house thereon, there is no evidence of a present gift of the Property by Joslin. To be a present gift, the donor must "intend an immediate divestiture of the rights of ownership out of himself and a consequent immediate vesting of such rights in the donee." *Thompson*, 746 S.W.2d at 825. In this case, Delfina testified that she and Juan built the house "based on a promise that [Joslin] would transfer" Lot 19 to them. Appellees did not establish that a gift "in praesenti" was made. *See id.* at 827 (testimony that aunt "was going" to give family members property not a present gift); *see also Grimsley v.*

4

*Grimsley*, 632 S.W.2d 174, 178 (Tex. App.—Corpus Christi 1982, no writ) ("A mere intention to make a gift, however clearly expressed, which has not been carried into effect, amounts to nothing, and enforces no rights in the subject matter of the proposed gift upon the intended donee."). Because there is no evidence of this element, Appellees were not entitled to judgment on their claim for an oral gift of real estate.

Third, Appellees asserted a claim for fraud. To recover in an action for fraud, a party must prove that: (1) a material representation was made, (2) it was false, (3) when the speaker made the representation she knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) the speaker made it with the intention that it should be acted upon by the party, (5) the party acted in reliance upon it, and (6) the party thereby suffered injury. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). On appeal, Joslin's sole challenge to Appellees' fraud claim is that the Statute of Frauds bars not only the enforcement of an oral contract to convey the Property but also any fraud claim based on it. However, the Statute of Frauds only bars a fraud claim "to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the Statute of Frauds." *Haase v. Glaser*, 62 S.W.3d 795, 799 (Tex. 2001). A fraud claim does not "contravene the Statute of Frauds to the extent that [the claimant] seeks out-of-pocket damages incurred in relying upon [the defendant's] alleged misrepresentations." *Id.*; *see also Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 49 (Tex. 1998) (under the common law, a fraud claimant may recovery either the benefit of the bargain or out-of-pocket losses). Here, Appellees sought enforcement of the oral contract but also pleaded in the alternative for damages in the amount of $200,000. The

Statute of Frauds does not bar Appellees' recovery of out-of-pocket damages for fraud. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007) (per curiam). Thus, Appellees' fraud claim is viable to the extent that they seek to recover out-of-pocket damages.

However, in this case, the trial court did not award out-of-pocket damages but instead awarded title to and possession of the Property, i.e., the benefit of the bargain, to Appellees.[4] We conclude that the trial court erred in granting this relief. Accordingly, we reverse the trial court's judgment and remand this case for a new trial pursuant to Rule 43.3 of the Rules of Appellate Procedure. *See Crawford Chevrolet, Inc. v. Rowland*, 525 S.W.2d 242, 250 (Tex. App.—Amarillo 1975, writ ref'd n.r.e.) ("It is well recognized that where . . . the proper measure of damage was not applied, the interests of justice require a remand.").

## CONCLUSION

For the reasons stated above, the judgment of the trial court is reversed and the entire cause is remanded for a new trial.

Judy C. Parker
Justice

---

[4] The judgment awards a 50% interest to Delfina, and a 25% of 50% interest to each of the remaining Appellees. We note that nothing in the brief trial court record explains the basis for this allocation of interests.

6